# EXHIBIT 1

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| DONNIE SHOOK, individually and on behalf of others similarly situated,<br><br>              Plaintiff,<br>  v.<br><br>THE CITY OF INDEPENDENCE, MISSOURI,<br>    Serve: Mayor Rory Rowland<br>            Independence City Hall<br>            111 E. Maple Ave.<br>            Independence, MO 64050<br><br>              Defendant. | Case No.<br><br>Div. |

## COLLECTIVE ACTION PETITION

COMES NOW Plaintiff, Donnie Shook, by and through his attorneys undersigned, and on behalf of himself and others similarly situated as set forth herein, brings the following Collective Action Petition against Defendant, the City of Independence, Missouri (hereinafter "City"), pursuant to Missouri Wage and Hour laws, RSMo. §§ 290.500 *et seq*. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

Defendant City employs firefighters to provide fire suppression, rescue, hazardous material, and emergency medical services. At relevant times, certain firefighters pursued and completed elective certifications which entitled them to a higher, "certification" rate of pay. In addition, those firefighters worked outside of their earned ranks at a higher rate of pay. The City required these firefighters to work in excess of the work schedule set forth in the *Contract between the City of Independence, Missouri Fire Department and the International Association of Firefighters, Local 781 2015-2020*. (hereinafter the "CBA") without paying wages at a rate of at least one and one-half times the pay rate at which those firefighters were employed. These actions

were carried out in violation of Missouri Wage and Hour laws, the FLSA and the CBA. Plaintiff seeks to recover unpaid overtime wages on behalf of himself and all similarly situated firefighters.

## JURISDICTION AND VENUE

1. Missouri Wage and Hour laws and the FLSA authorize court actions by employees to recover damages for violations of wage and hour provisions. This Court has jurisdiction over the unpaid overtime compensation claims brought by the Plaintiff and those similarly situated, as expressly provided in § 290.527, RSMo. and 29 U.S.C. § 216(b).

2. Venue in this Court is appropriate pursuant to § 508.010, RSMo., in that the Plaintiff was first injured due to the unlawful acts of the City in Independence, Jackson County, Missouri.

## PARTIES

3. Plaintiff Donnie Shook works as a firefighter for the City. The terms and conditions of his employment, including compensation, are determined by the CBA.

4. The Plaintiff brings Count I of this lawsuit as a collective action under Missouri Wage and Hour law and the FLSA on behalf of himself and all other similarly situated firefighters employed by the City to redress the City's willful failure and refusal to pay overtime wages to which the Plaintiff and others similarly situated are entitled.

5. The Plaintiff and others similarly situated (collectively "Plaintiffs" or the "Collective Class") consent to become plaintiffs in this action pursuant to 29 U.S.C. § 216(b), as evidenced by "Consent to Sue" documents. A sample of said document is attached to this Collective Action Petition as Exhibit A.

6. Plaintiffs are "employees" as defined by RSMo. § 290.500(3) and 29 U.S.C. § 203(e)(1).

-2-

Case 4:23-cv-00028-DGK   Document 1-1   Filed 01/13/23   Page 3 of 16

7. The City is a municipal corporation organized under the laws of the State of Missouri with its principal office located at 111 East Maple Avenue, Independence, Missouri 64050 and it can be served with process through its Mayor.

8. The City is an "employer" as defined by RSMo. § 290.500(4) and 29 U.S.C. § 203(d).

## GENERAL ALLEGATIONS

9. The Plaintiffs are employed by the City and that employment relationship is governed by the CBA, which sets forth among other things, provisions concerning wages and overtime.

10. As to regular work schedules, the CBA provides:

> The duty hours for Fire Operations shall be an average of forty-nine and one-half (49.5) hours per week based on twenty-four (24) consecutive hours on duty followed by forty-eight (48) consecutive hours off duty. One full twenty-four (24) hour shift off duty per twenty-seven (27)- day pay cycle without compensation shall be granted each member assigned to the Fire Operations Division to accomplish the reduction of scheduled hours to the average of forty-nine and one-half (49.5) hours per week. This shift shall be known as a Kelly Day.

CBA at p. 14.

11. As to overtime, the CBA provides in relevant part:

> Any member required to work in excess of their regularly assigned hours of duty shall be compensated at the rate of one and one-half times their regular rate of pay including longevity, incentives and when applicable holiday rate.

*Id*.

12. The CBA further provides an incentive program for employees obtaining various certifications related to fire suppression. Under the program, certified firefighters are guaranteed additional pay of two to five percent (2-5%) above what his/her salary would otherwise be, to wit:

A. Paramedic:

Electronically Filed - Jackson - Independence - December 14, 2022 - 10:40 AM

> Each fully qualified Paramedic shall be paid an additional 5% of their base compensation during the period of this agreement. This amount will be paid on a biweekly basis. An individual may elect to cease participation in the active program at which time the 5% differential shall cease. Should that individual maintain the appropriate certification and serve as a paramedic on a shift due to the absence of an active paramedic, the individual shall receive 5% of base compensation for any such shift.
>
> B.  Hazardous Materials Technician:
>
> Each Hazardous Materials Technician permanently assigned at the designated Haz Mat Station will be paid an additional 4% of base pay during the period assigned. Hazardous Materials Technicians volunteering for the program, but not permanently assigned will be paid an additional 2% of base pay provided that not more than twenty (20) individuals can receive the additional pay and provided further that not more than eight shall be on any one shift.

*Id*. at p. 9.

13. The City violated Missouri Wage and Hour law and the FLSA by failing to pay its firefighters for work performed in excess of 204 hours per 27-day work period, at a rate of at least one and one-half times the regular rate, considering all remuneration such as certification pay; rather, the City calculated these employees' overtime at a lower rate resulting in devaluation of their certification percentages.

14. The Plaintiffs are not exempt from the overtime wage provisions of Missouri Wage and Hour law or the FLSA.

15. Plaintiffs are suing the City in part, as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all who file a Consent to Sue form with the Court.

16. Plaintiffs seek relief on a collective basis challenging the City's violations of Missouri Wage and Hour law and the FLSA for failing to pay all overtime hours worked by firefighters in the Collective Class. The number and identity of Collective Class plaintiffs yet to opt in and consent to be party plaintiffs may be determined from City and IAFF Local 42 records. Potential opt-in plaintiffs may be notified of the pendency of this collective action.

# COUNT I

## VIOLATIONS OF MISSOURI WAGE AND HOUR LAW, RSMo. §§ 290.500 *et seq.* AND THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et. seq.*

17. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

18. At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under Missouri Wage and Hour laws and the FLSA.

19. Missouri Wage and Hour law and the FLSA regulate, among other things, the payment of overtime to employees who are employed pursuant to a collective bargaining agreement.

20. Under § 207(k) of the FLSA, firefighters are not bound to a traditional 40-hour workweek for the calculation of overtime, but instead may extend the relevant work period to 28 days, to wit:

> No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if--
>
> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days...
>
> 29 U.S.C. § 207(k).

21. Under 29 C.F.R. § 553.230, employees engaged in fire protection may receive overtime compensation for all hours worked in excess of 204 in a 27-day pay period.

22. The maximum-hours provision of the FLSA pertaining to firefighters, requires employers to pay any covered employee, "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(k) (emphasis added).

23. Pursuant to U.S. Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in a wage contract." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).

24. The FLSA further provides that "the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee..." 29 U.S.C. § 207(e) (emphasis added).

25. Under the FLSA, Plaintiffs' regular rate includes certification pay.

26. Under 29 C.F.R. § 778.115, for any employee working "two or more different types of work for which different non-overtime rates of pay…have been established, his regular rate for that week is the weighted average of such rates."

27. The City violated Missouri Wage and Hour law and the FLSA by failing to pay the Plaintiffs for hours worked in excess of 204 hours in a 27-day work period at a rate of at least one and one-half times the Plaintiffs' regular rate.

28. The City violated Missouri Wage and Hour law and the FLSA by failing to properly calculate Plaintiffs' regular rate and overtime where Plaintiffs worked two or more different types of work for which different non-overtime rates of pay apply.

29. Plaintiffs are entitled to damages equal to the overtime pay calculated at one and one-half times the regular rate because the City acted willfully, knowingly, and or with reckless disregard for whether its conduct was prohibited by Missouri Wage and Hour law and the FLSA.

30. Plaintiffs have made multiple demands upon the City over many months for reimbursement of overtime, but the City has repeatedly failed and refused to pay.

31. The City's violations of Missouri Wage and Hour law and the FLSA were knowing and willful.

32. The City has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of Missouri Wage and Hour laws or the FLSA, and as a result, the Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted under Missouri Wage and Hour laws and the FLSA. Alternatively, should the Court determine the City did not act willfully in failing to pay overtime at the certification rate, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

33. Missouri Wage and Hour law and the FLSA contain fee-shifting provisions, directing an award of payment of attorney's fees and costs by a defendant to a successful plaintiff. In addition, the FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Unlike other fee-shifting statutes where the award of attorney's

fees and costs is discretionary with the court, an award of attorney's fees to prevailing FLSA plaintiffs is mandatory. *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

34. As a result of the aforementioned unlawful conduct by the City, the Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against the City for its Missouri Wage and Hour law and FLSA violations herein and specifically pray for:

(a) compensatory damages;

(b) liquidated damages;

(c) attorney's fees and costs as provided under Missouri Wage and Hour law and the FLSA;

(d) pre- and post-judgment interest; and

(e) such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

35. Plaintiffs demand a trial by jury.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

*[signature]*

_____
Raymond E. Salva, Jr.    Mo. Bar No. 66191
John B. Boyd             Mo. Bar No. 23716
John R. Boyd             Mo. Bar No. 42633
Jason Iezzi              Mo. Bar No. 65329
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail:  rsalva@bktplaw.com
E-mail: jbboyd@bktplaw.com
E-mail:  jrboyd@bktplaw.com
E-mail:  jiezzi@bktplaw.com
ATTORNEYS FOR PLAINTIFFS

## CONSENT TO SUE

Pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b) (the "Act"), I hereby give my consent to be a party plaintiff in a collective action lawsuit to be filed in the Circuit Court of Jackson County, Missouri at Independence against the City of Kansas City, Missouri (the "City"), claiming violations of the Act for the City's failure to properly calculate and pay overtime wages; in which plaintiffs will be represented by attorneys for the Boyd Kenter Thomas & Parrish law firm in Independence, Missouri.

_____
Signature

_____
Printed Name

Electronically Filed - Jackson - Independence - December 14, 2022 - 10:40 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY  ☒ AT INDEPENDENCE

DONNIE SHOOK
        PETITIONER/PLAINTIFF,

VS.                                                              CASE NO. _____

THE CITY OF INDEPENDENCE, MISSOURI
        RESPONDENT/DEFENDANT.

**MOTION FOR APPROVAL AND APPOINTMENT
OF PRIVATE PROCESS SERVER**

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

    Greg Hulver: PPS22-0041; Valerie Summer: PPS22-0232; Rick Swank: PPS22-0526
    Conni Wilson: PPS22-0107; Scott Wiechmann: PPS22-0362; Rufus Harmon: PPS22-0031
    Jacob Pavlica: PPS22-0587

The Petitioner/Plaintiff states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ [signature]_
Petitioner/ Plaintiff's Signature

**ORDER**

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____        _____
        DATE                                                                                      JUDGE



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **Judge or Division:** CORY LEE ATKINS | **Case Number:** 2216-CV28229 |
| **Plaintiff/Petitioner:** DONNIE SHOOK<br><br>vs. | **Plaintiff's/Petitioner's Attorney/Address**<br>RAYMOND EUGENE SALVA<br>221 WEST LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64050 |
| **Defendant/Respondent:** THE CITY OF INDEPENDENCE, MISSOURI | **Court Address:**<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| **Nature of Suit:** CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** THE CITY OF INDEPENDENCE, MISSOURI
Alias:
MAYOR RORY ROWLAND
111 E. MAPLE AVE
INDEPENDENCE, MO 64050

**PRIVATE PROCESS SERVER**

*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-DEC-2022
Date _____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____  _____
                             Date                      Notary Public

**Sheriff's Fees**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (____ miles @ $.____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 22-SMCC-11429   1  of 1   Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:23-cv-00028-DGK   Document 1-1   Filed 01/13/23   Page 13 of 16

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY   ☒ AT INDEPENDENCE

DONNIE SHOOK
      PETITIONER/PLAINTIFF,

VS.                                    CASE NO. _____

THE CITY OF INDEPENDENCE, MISSOURI
      RESPONDENT/DEFENDANT.

### MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Petitioner/Plaintiff in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Petitioner/ Plaintiff requests that the following individual be approved and appointed to serve process in this case:

    Greg Hulver: PPS22-0041; Valerie Summer: PPS22-0232; Rick Swank: PPS22-0526
    Conni Wilson: PPS22-0107; Scott Wiechmann: PPS22-0362; Rufus Harmon: PPS22-0031
    Jacob Pavlica: PPS22-0587

The Petitioner/Plaintiff states that:

☐ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☒ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_/s/ [signature]_
Petitioner/ Plaintiff's Signature

### ORDER

It is hereby ordered that Petitioner/ Plaintiff's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

12/15/2022   _/s/ Teresa M. Morales_
DEPUTY COURT ADMINISTRATOR

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: CORY LEE ATKINS | Case Number: 2216-CV28229 |
| Plaintiff/Petitioner: DONNIE SHOOK | Plaintiff's/Petitioner's Attorney/Address RAYMOND EUGENE SALVA 221 WEST LEXINGTON AVENUE SUITE 200 INDEPENDENCE, MO 64050 |
| vs. | |
| Defendant/Respondent: THE CITY OF INDEPENDENCE, MISSOURI | Court Address: 308 W Kansas INDEPENDENCE, MO 64050 |
| Nature of Suit: CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: THE CITY OF INDEPENDENCE, MISSOURI
Alias:

MAYOR RORY ROWLAND
111 E. MAPLE AVE
INDEPENDENCE, MO 64050

**PRIVATE PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

15-DEC-2022 / Date / Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to Becky Behrens (name) City Clerk (title).
☐ other _____
Served at 111 E. Maple Ave, Independence MO 64050 (address)
in Jackson (County/City of St. Louis), MO, on 12-16-22 (date) at 8:50 AM (time).

VALERIE SUMMER
Printed Name of Sheriff or Server / Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 12/16/22 (date).
My commission expires: 3/19/26

STEPHEN LICATA
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COMMISSIONED FOR CLAY COUNTY
MY COMMISSION EXPIRES MAR. 19, 2026
ID #08695259

**Sheriff's Fees**
Summons $_____
Non Est $_____
Sheriff's Deputy Salary Supplemental Surcharge $10.00
Mileage $_____ ( _____ miles @ $_____ per mile)
Total $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 22-SMCC-11429  1 of 1  Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo