# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONNIE SHOOK, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:23-cv-00028-DGK |
| v. | )<br>) |
| THE CITY OF INDEPENDENCE, MISSOURI, | )<br>) |
| Defendant. | |

## ANSWER TO COLLECTIVE ACTION PETITION

Defendant The City of Independence, Missouri ("Defendant" or "City of Independence"), for its Answer to Plaintiff Donnie Shook's Collective Action Petition ("Petition") states the following:

### INTRODUCTION

Defendant City employs firefighters to provide fire suppression, rescue, hazardous material, and emergency medical services. At relevant times, certain firefighters pursued and completed elective certifications which entitled them to a higher, "certification" rate of pay. In addition, those firefighters worked outside of their earned ranks at a higher rate of pay. The City required these firefighters to work in excess of the work schedule set forth in the *Contract between the City of Independence, Missouri Fire Department and the International Association of Firefighters, Local 781 2015-2020*. (hereinafter the "CBA") without paying wages at a rate of at least one and one-half times the pay rate at which those firefighters were employed. These actions were carried out in violation of Missouri Wage and Hour laws, the FLSA and the CBA. Plaintiff seeks to recover unpaid overtime wages on behalf of himself and all similarly situated firefighters.

**ANSWER:** In response to the unnumbered paragraph prior to Paragraph 1 of the Petition, Defendant admits the allegations in the first two sentences of the unnumbered paragraph. Defendant denies the remaining allegations in this paragraph and specifically denies that Plaintiff and those he purports to represent are entitled to damages.

## JURISDICTION AND VENUE

1. Missouri Wage and Hour laws and the FLSA authorize court actions by employees to recover damages for violations of wage and hour provisions. This Court has jurisdiction over the unpaid overtime compensation claims brought by the Plaintiff and those similarly situated, as expressly provided in § 290.527, RSMo. and 29 U.S.C. § 216(b).

**ANSWER:** Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring a cause of action against Defendant under Missouri Wage and Hour law, § 290.527, RSMo., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendant further admits that this Court has jurisdiction over the claims timely asserted by Plaintiff. Defendant denies the remaining allegations in Paragraph 1 and specifically denies that Plaintiff and those he purports to represent are entitled to damages.

2. Venue in this Court is appropriate pursuant to § 508.010, RSMo., in that the Plaintiff was first injured due to the unlawful acts of the City in Independence, Jackson County, Missouri.

**ANSWER:** Paragraph 2 of the Petition states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only that venue in this Court is proper but denies the remaining allegations in Paragraph 2 and specifically denies that it engaged in any unlawful conduct.

## PARTIES

3. Plaintiff Donnie Shook works as a firefighter for the City. The terms and conditions of his employment, including compensation, are determined by the CBA.

**ANSWER:** Defendant admits that Plaintiff works as a firefighter for Defendant. The remaining allegations of Paragraph 3 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits that the terms and conditions of Plaintiff's employment are governed by the collective bargaining agreement between Defendant and the International Association of Firefighters Local No. 781 (hereafter, "CBA").

4. The Plaintiff brings Count I of this lawsuit as a collective action under Missouri Wage and Hour law and the FLSA on behalf of himself and all other similarly situated firefighters employed by the City to redress the City's willful failure and refusal to pay overtime wages to which the Plaintiff and others similarly situated are entitled.

**ANSWER:** In response to Paragraph 4, Defendant admits only that Plaintiff purports to bring a collective action alleging wage and hour violations under the Missouri Wage and Hour laws and the FLSA. Defendant denies the remaining allegations in Paragraph 4 and specifically denies that that Plaintiff and those he purports to represent are entitled to damages.

5. The Plaintiff and others similarly situated (collectively "Plaintiffs" or the "Collective Class") consent to become plaintiffs in this action pursuant to 29 U.S.C. § 216(b), as evidenced by "Consent to Sue" documents. A sample of said document is attached to this Collective Action Petition as Exhibit A.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and, therefore, denies the same.

6. Plaintiffs are "employees" as defined by RSMo. § 290.500(3) and 29 U.S.C. § 203(e)(1).

**ANSWER:** Paragraph 6 of the Petition states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits Plaintiff is an employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Missouri Wage and Hour laws, RSMo. § 290.500(3). Defendant denies the remaining allegations in Paragraph 6.

7. The City is a municipal corporation organized under the laws of the State of Missouri with its principal office located at 111 East Maple Avenue, Independence, Missouri 64050 and it can be served with process through its Mayor.

**ANSWER:** Defendant admits the allegations in Paragraph 7 of the Petition.

8. The City is an "employer" as defined by RSMo. § 290.500(4) and 29 U.S.C. § 203(d).

**ANSWER:** Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is an employer within the meaning of the FLSA and Missouri Wage and Hour laws.

## GENERAL ALLEGATIONS

9. The Plaintiffs are employed by the City and that employment relationship is governed by the CBA, which sets forth among other things, provisions concerning wages and overtime.

**ANSWER:** Defendant admits that Plaintiff Donnie Shook is employed by Defendant and that his employment is governed by the CBA. Defendant further admits that the CBA

contains provisions concerning wages and overtime. Defendant denies the remaining allegations in Paragraph 9 of the Petition.

10. As to regular work schedules, the CBA provides:

The duty hours for Fire Operations shall be an average of forty-nine and one-half (49.5) hours per week based on twenty-four (24) consecutive hours on duty followed by forty-eight (48) consecutive hours off duty. One full twenty-four (24) hour shift off duty per twenty-seven (27)- day pay cycle without compensation shall be granted each member assigned to the Fire Operations Division to accomplish the reduction of scheduled hours to the average of forty-nine and one-half (49.5) hours per week. This shift shall be known as a Kelly Day.

CBA at p. 14.

**ANSWER:** In response to Paragraph 10 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of the CBA and states that the CBA speaks for itself. Defendant denies the remaining allegations in Paragraph 10.

11. As to overtime, the CBA provides in relevant part:

Any member required to work in excess of their regularly assigned hours of duty shall be compensated at the rate of one and one-half times their regular rate of pay including longevity, incentives and when applicable holiday rate.

Id.

**ANSWER:** In response to Paragraph 11 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of the CBA and states that the CBA speaks for itself. Defendant denies the remaining allegations in Paragraph 11.

12. The CBA further provides an incentive program for employees obtaining various certifications related to fire suppression. Under the program, certified firefighters are guaranteed additional pay of two to five percent (2-5%) above what his/her salary would otherwise be, to wit:

A. Paramedic:

Each fully qualified Paramedic shall be paid an additional 5% of their base compensation during the period of this agreement. This amount will be paid on a biweekly basis. An individual may elect to cease participation in the active program at which time the 5% differential shall cease. Should that individual maintain the appropriate certification and serve as a paramedic on a shift due to the absence of an active paramedic, the individual shall receive 5% of base compensation for any such shift.

B. Hazardous Materials Technician:

Each Hazardous Materials Technician permanently assigned at the designated Haz Mat Station will be paid an additional 4% of base pay during the period assigned. Hazardous Materials Technicians volunteering for the program, but not permanently assigned will be paid an additional 2% of base pay provided that not more than twenty (20) individuals can receive the additional pay and provided further that not more than eight shall be on any one shift.

*Id.* at p. 9.

**ANSWER:** In response to Paragraph 12 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of the CBA and states that the CBA speaks for itself. Defendant denies the remaining allegations in Paragraph 12.

13. The City violated Missouri Wage and Hour law and the FLSA by failing to pay its firefighters for work performed in excess of 204 hours per 27-day work period, at a rate of at least one and one-half times the regular rate, considering all remuneration such as certification pay; rather, the City calculated these employees' overtime at a lower rate resulting in devaluation of their certification percentages.

**ANSWER:** Defendant denies the allegations in Paragraph 13 of the Petition.

14. The Plaintiffs are not exempt from the overtime wage provisions of Missouri Wage and Hour law or the FLSA.

**ANSWER:** Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 14 of the Petition.

15. Plaintiffs are suing the City in part, as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all who file a Consent to Sue form with the Court.

**ANSWER:** In response to Paragraph 15, Defendant admits only that Plaintiff purports to bring a collective action under 29 U.S.C. § 216(b) alleging wage and hour violations. Defendant denies the remaining allegations in Paragraph 15 and specifically denies that that Plaintiff and those he purports to represent are entitled to damages.

16. Plaintiffs seek relief on a collective basis challenging the City's violations of Missouri Wage and Hour law and the FLSA for failing to pay all overtime hours worked by firefighters in the Collective Class. The number and identity of Collective Class plaintiffs yet to opt in and consent to be party plaintiffs may be determined from City and IAFF Local 42 records. Potential opt-in plaintiffs may be notified of the pendency of this collective action.

**ANSWER:** In response to Paragraph 16, Defendant admits only that Plaintiff purports to bring a collective action alleging wage and hour violations under Missouri Wage and Hour laws and the FLSA. Defendant denies the remaining allegations in Paragraph 16 and specifically denies that that Plaintiff and those he purports to represent are entitled to damages.

## COUNT I

**VIOLATIONS OF MISSOURI WAGE AND HOUR LAW, RSMo. §§ 290.500 *et seq.*
AND THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et. seq.***

17. Plaintiffs re-allege and incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendant realleges and incorporates herein by reference its responses to paragraphs 1 through 16 above and denies any and all allegations in Paragraph 17.

18. At all relevant times, Plaintiffs have been entitled to the rights, protections, and benefits provided under Missouri Wage and Hour laws and the FLSA.

**ANSWER**: Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 18 of the Petition.

19. Missouri Wage and Hour law and the FLSA regulate, among other things, the payment of overtime to employees who are employed pursuant to a collective bargaining agreement.

**ANSWER:** Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 19 of the Petition.

20. Under § 207(k) of the FLSA, firefighters are not bound to a traditional 40-hour workweek for the calculation of overtime, but instead may extend the relevant work period to 28 days, to wit:

> No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if--
>
> in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or
>
> in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days...

29 U.S.C. § 207(k).

**ANSWER:** In response to Paragraph 20 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of 29 U.S.C. § 207(k). The remaining allegations in Paragraph 20 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the remaining allegations in Paragraph 20.

21. Under 29 C.F.R. § 553.230, employees engaged in fire protection may receive overtime compensation for all hours worked in excess of 204 in a 27-day pay period.

**ANSWER:** Paragraph 21 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 21.

22. The maximum-hours provision of the FLSA pertaining to firefighters, requires employers to pay any covered employee, "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(k) (emphasis added).

**ANSWER:** In response to Paragraph 22 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of 29 U.S.C. § 207(k). The remaining allegations in Paragraph 20 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the remaining allegations in Paragraph 22.

23. Pursuant to U.S. Department of Labor regulations and Supreme Court precedent, the "regular rate" of pay for FLSA purposes is an "actual fact" that "must be drawn from what happens under the employment contract," rather than from any agreement between the employer and employee. 29 C.F.R. § 778.108. "Once the parties have decided upon the amount of wages and the mode of payment, the determination of the regular rate becomes a matter of mathematical computation, the result of which is unaffected by any designation of a contrary, 'regular rate' in a wage contract." *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419 (1945).

**ANSWER:** Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

24. The FLSA further provides that "the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee..." 29 U.S.C. § 207(e) (emphasis added).

**ANSWER:** In response to Paragraph 24 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of 29 U.S.C. § 207(e). The remaining allegations in Paragraph 24 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the remaining allegations in Paragraph 24.

25. Under the FLSA, Plaintiffs' regular rate includes certification pay.

**ANSWER:** Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 25.

26. Under 29 C.F.R. § 778.115, for any employee working "two or more different types of work for which different non-overtime rates of pay...have been established, his regular rate for that week is the weighted average of such rates."

**ANSWER:** In response to Paragraph 26 of the Petition, Defendant admits only that Plaintiff has accurately quoted a portion of 29 C.F.R. § 778.115. The remaining allegations in Paragraph 26 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant admits the remaining allegations in Paragraph 26.

27. The City violated Missouri Wage and Hour law and the FLSA by failing to pay the Plaintiffs for hours worked in excess of 204 hours in a 27-day work period at a rate of at least one and one-half times the Plaintiffs' regular rate.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Petition.

28. The City violated Missouri Wage and Hour law and the FLSA by failing to properly calculate Plaintiffs' regular rate and overtime where Plaintiffs worked two or more different types of work for which different non-overtime rates of pay apply.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Petition.

29. Plaintiffs are entitled to damages equal to the overtime pay calculated at one and one-half times the regular rate because the City acted willfully, knowingly, and or with reckless disregard for whether its conduct was prohibited by Missouri Wage and Hour law and the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 29 of the Petition and specifically denies that Plaintiff and those he purports to represent are entitled to damages.

30. Plaintiffs have made multiple demands upon the City over many months for reimbursement of overtime, but the City has repeatedly failed and refused to pay.

**ANSWER:** Defendant denies the allegations in Paragraph 30 of the Petition.

31. The City's violations of Missouri Wage and Hour law and the FLSA were knowing and willful.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of the Petition.

32. The City has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of Missouri Wage and Hour laws or the FLSA, and as a result, the Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted under Missouri Wage and Hour laws and the FLSA. Alternatively, should the Court determine the City did not act willfully in failing to pay overtime at the certification rate, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of the Petition and specifically denies that Plaintiff and those he purports to represent are entitled to damages.

33. Missouri Wage and Hour law and the FLSA contain fee-shifting provisions, directing an award of payment of attorney's fees and costs by a defendant to a successful plaintiff. In addition, the FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U. S.C. § 216(b). Unlike other fee-shifting statutes where the award of attorney's fees and costs is discretionary with the court, an award of attorney's fees to prevailing FLSA plaintiffs is mandatory. *Hensley v. Eckerhart,* 461 U.S. 424 (1983).

**ANSWER:** In response to Paragraph 33, Defendant admits only that Plaintiff has accurately quoted a portion of 29 U.S.C. § 216(b). The remaining allegations in Paragraph 33 state a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 33 of the Petition and specifically denies that Plaintiff and those he purports to represent are entitled to damages.

34. As a result of the aforementioned unlawful conduct by the City, the Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of the Petition.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against the City for its Missouri Wage and Hour law and FLSA violations herein and specifically pray for:

(a) compensatory damages;

(b) liquidated damages;

(c) attorney's fees and costs as provided under Missouri Wage and Hour law and the FLSA;

(d) pre- and post-judgment interest; and

(e)     such other relief as this Court deems just and proper.

**ANSWER:** Defendant denies that Plaintiff and the putative class members are entitled to the relief requested through the WHEREFORE clause following Paragraph 34 of the Petition. Further answering, Defendants deny each and every allegation not expressly admitted herein.

## DEMAND FOR JURY TRIAL

35.     Plaintiffs demand a trial by jury.

**ANSWER:** This is not a factual allegation that requires a response from Defendant.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      Plaintiff's Petition fails to state a claim upon which relief may be granted with respect to some or all putative collective action members.

2.      The putative collective class described in Plaintiff's Petition may not be suitable for certification.

3.      Plaintiff's alleged damages, if any, are not of the nature or extent alleged.

4.      Defendant compensated Plaintiff and any putative collective action members in good faith with reasonable grounds to believe that its actions were/are not in violation of any applicable law, including the Fair Labor Standards Act and Missouri Wage and Hour laws. As a result, Plaintiff is not entitled to penalty, multiplication of, or addition to damages (including liquidated damages) or extension of any statute of limitations period.

5.      Defendant did not willfully violate any applicable laws with respect to its method of compensating Plaintiff or any putative collective action member.

6.      Some or all of Plaintiff's claims may be barred by the applicable statutes of limitation contained in 29 U.S.C. § 255(a) and/or RSMo. § 290.527.

7.      The damages, if any, incurred by Plaintiff and/or any of the putative collective action members must be reduced or eliminated by any setoffs and credits for (1) all

13
CORE/0503726.0024/179496927.2
Case 4:23-cv-00028-DGK    Document 4    Filed 01/20/23    Page 13 of 16

overpayments of compensation to Plaintiff, (2) sums which Plaintiff received during the course of employment with Defendant for reasons other than for work performed for Defendant, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff under the FLSA and/or applicable state law.

8. Even if Plaintiff and/or any of the putative collective action members are owed payment for prior overtime (which Defendant denies), the payment of any amounts due should be calculated at no more than one-half of their regular rate of pay for the workweek in which the time was worked.

9. Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because he is not similarly situated to the members of the collective action whom he purports to seek to represent and cannot identify a group of similarly situated employees or former employees of Defendant.

10. Certification of a collective action based upon the criteria set forth in Plaintiff's Petition would violate due process.

11. Plaintiff is not entitled to collective action certification because his claims do not meet any or all of the prerequisites for certification set forth in or otherwise required under Rule 23 of the Federal Rules of Civil Procedure, including, but not limited to, those prerequisites described in Rule 23, Sections (a) and (b).

12. Plaintiff may not pursue his claims under the FLSA on behalf of any individual who has not signed and filed a written consent to become a party in this lawsuit.

13. Defendant reserves the right to assert such other defenses and matters of avoidance as may be disclosed during the course of subsequent investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant requests that Plaintiff's claims against it be dismissed, that judgment be entered in its favor, and for any further relief to which this Court finds it is entitled.

Respectfully submitted,

STINSON LLP

/s/ Erin M. Naeger
Sara E. Welch, MO # 44518
Erin M. Naeger, MO # 66103
1201 Walnut Street, Suite 2900
Kansas City, MO 64106-2150
Telephone 816-842-8600
Facsimile 816-691-3495
sara.welch@stinson.com
erin.naeger@stinson.com

ATTORNEYS FOR DEFENDANT
THE CITY OF INDEPENDENCE, MISSOURI

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2023, a copy of the above and foregoing was served via the Court's electronic case filing system on the following counsel of record:

Raymond E. Salva, Jr.
John B. Boyd
John R. Boyd
Jason Iezzi
BOYD KENTER THOMAS & PARRISH, LLC
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Rsalva@bktplaw.com
jbboyd@bktplaw.com
jrboyd@bktplaw.com
jiezzi@bktplaw.com

*/s/ Erin M. Naeger*
Attorney for Defendant