IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DONNIE SHOOK, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-CV-00028-DGK ) |
| THE CITY OF INDEPENDENCE, MISSOURI, | ) ) ) |
| Defendant. | ) ) |

# ORDER CONDITIONALLY CERTIFYING CLASS

This putative collective-action case arises out of Plaintiff Donnie Shooks's allegations that Defendant The City of Independence, Missouri violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, by underpaying overtime compensation due him and other similarly situated employees.

Now before the Court is Plaintiff's Motion for Conditional Class Certification and Notice to Opt-In Plaintiffs. ECF No. 74. Defendant concedes Plaintiff has met his minimal burden for purposes of conditional certification. Because Plaintiff has met his minimal burden of showing he is similarly situated to other firefighters for purposes of conditional certification, the motion is GRANTED.

**Background**

Plaintiff was a firefighter for Defendant and subject to a collective bargaining agreement ("CBA") between Defendant and the International Association of Firefighters, Local 781 ("Local 781"). The CBA governs a firefighters' work schedule and compensation in several respects. First, it sets the regular work schedule at 204 hours per 27-day pay cycle. Second, it provides

overtime compensation at one and a half times a firefighters' regular hourly wage. Third, it provides an additional two to five percent pay increase for firefighters who obtain various certifications such as a paramedic or hazardous materials technician. Fourth, firefighters can work "out-of-position" and receive a five percent increase in their regular hourly wage for those hours.

Plaintiff alleges Defendant's pay calculation policy violates the FLSA because it dilutes overtime compensation for hours worked out-of-position, resulting in overtime not being paid at a rate of at least one and a half times the regular rate. Defendant denies these allegations and maintains its pay calculation policy accounts for all hours and pay rates worked during a 27-day pay cycle.

Plaintiff originally filed its collective action in the Circuit Court of Jackson County, Missouri. Defendant removed the case to federal court. Plaintiff now seeks conditional certification of the class to provide notice to putative class members.

**Standard**

Under the FLSA, an employer may not subject non-exempt employees to a work week longer than that specified in the CBA, unless the employees are compensated for the overtime hours at a rate that is one and a half times their regular hourly wage. 29 U.S.C. § 207. An employer who violates § 207 shall be liable to the employees affected for twice the amount of unpaid overtime compensation. 29 U.S.C. § 216(b).

Any employee may bring an action under § 216(b), and the employee may do so on his own behalf, as well as for those "employees similarly situated." *Id*. "Plaintiffs may be similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (internal quotations and citations omitted).

2

Plaintiff bears the burden of establishing he is similarly situated to other members of the proposed class. *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007).

FLSA collective actions differ somewhat from Rule 23 class actions because FLSA classes are inherently "opt-in," meaning class members must affirmatively agree to join the class by filing individual written consent. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Because of this opt-in mandate, certification of an FLSA class often proceeds in two steps. *See, e.g.*, *Krott v. New Directions Behav. Health, LLC*, No. 19-CV-00915-DGK, 2020 WL 5492992 (W.D. Mo. Sept. 10, 2020); *Cope v. Let's Eat Out, Inc.*, No. 16-CV-03050-SRB, 2016 WL 10677886, at *2 (W.D. Mo. July 12, 2016); *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007).

The first step is the notice stage. *Cope*, 2016 WL 10677886, at *2. At this stage, "plaintiff moves for conditional certification . . ., wherein a class is certified for notice purposes" prior to the completion of discovery. *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005). Courts apply a "fairly lenient standard" in deciding conditional certification of a class for notice and discovery purposes. *Loyd v. Ace Logistics, LLC*, No. 08-CV-00188-W-HFS, 2008 WL 5211022, at *2 (W.D. Mo. Dec. 12, 2008). "Substantial allegations" of a policy that make class members similarly situated are sufficient to allow for conditional certification. *Robertson v. LTS Mgmt. Serv., LLC*, 642 F. Supp. 2d 922, 925 (W.D. Mo. 2008); *Davis*, 408 F. Supp. 2d at 818 (finding conditional certification at step one requires only demonstrating "that there is a group of similarly situated employees who are victims of a single decision, policy, and plan respecting denial of proper overtime compensation").

"At the second step of the process, the defendant may move to decertify the class." *Fast*

3

*v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007). This is done after the close of discovery when the Court has much more information. *Id*.

## Discussion

**I.**      **Plaintiff has met his burden of showing conditional certification is proper.**

Plaintiff provides three reasons for why Defendant's FLSA violations can be determined on a collective basis. First, each putative class member is/was a member of Local 781 and bound by the schedule and compensation terms of the CBA. Second, each putative class member is/was subject to Defendant's overtime pay calculation policy. Third, conditional certification promotes judicial efficiency and fairness by lowering litigation costs for class members and by resolving common legal and factual issues in a single proceeding. Defendant concedes Plaintiff has met his burden at the first step.

Because each putative class member is/was (1) a firefighter and member of Local 781, (2) bound by the same schedule and compensation arrangements under the CBA, and (3) subject to the same overtime pay calculations, Plaintiff has made substantial allegations of a policy making class members similarly situated. *See Robertson*, 642 F. Supp. 2d at 925. Accordingly, the Court conditionally certifies the following class:

> All current and former Independence, Missouri firefighters who worked out-of-position at a higher rate of pay and worked more than 204 hours in the same 27-day period at any time beginning three years prior to joining this lawsuit.

**II.**      **The proposed notice is approved with modification.**

Plaintiff requests the Court approve his proposed notice plan. *See* Exhibit 5 to Pl.'s Mot., ECF No. 75-5. Defendant objected to Plaintiff's proposed notice and submitted redlined edits. *See* Exhibit A to Def.'s Resp., ECF No. 76-1. Plaintiff does not object to these revisions. *See* Pl.'s Reply at 1, ECF No. 77.

After review, the Court approves the proposed notice as drafted in Exhibit A of Defendant's

4

response with the following revision. Under the section titled "Effect of Joining This Lawsuit" the parties agreed to language stating, "If you join this lawsuit, and the Court rules in favor of the City, you will not be entitled to any relief, and you may have to pay some portion of the costs and expenses incurred by the City." Exhibit A to Def.'s Resp. at 6. The Court is concerned this language may have a chilling effect on opt-in plaintiffs that is disproportionate to its benefit. *See Hussein v. Cap. Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1196 (D. Minn. 2015) (collecting cases finding the same). Accordingly, the section shall state as follows:

> If you choose to join this lawsuit, you will be bound by the judgment whether it is favorable or unfavorable. While the lawsuit is proceeding you may be required to provide information, sit for depositions, and testify in court. If you join this lawsuit, and the Court rules in favor of the City, you will not be entitled to any relief.

**Conclusion**

The class is conditionally certified. Defendant shall produce to Plaintiff the names, job titles, dates of employment, last known addresses, and email addresses of potential plaintiffs within seven (7) days of this Order. Plaintiff is authorized to send notice and consent forms, by mail and email to potential class members. Each potential plaintiff shall have sixty (60) days from the date the mailing list is provided to opt-in to the litigation.

**IT IS SO ORDERED.**

Date:   March 5, 2024              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT