IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DONNIE SHOOK, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) | Case No. 4:23-cv-00028-DGK |
| ) | |
| THE CITY OF INDEPENDENCE, MISSOURI, ) ) ) | |
| Defendant. ) | |

## JOINT MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO APPROVE SETTLEMENT

The Parties have reached an agreement to settle this case. The settlement is fair, reasonable, and beneficial to the class members and should be readily approved. The settlement is the result of litigation between Plaintiffs, who comprise a group of current and former Fire Department employees who received overtime pay while working out of class and the Defendant City of Independence, Missouri (collectively "Parties"). The settlement establishes compensatory damages, liquidated damages, attorney's fees and costs of **$54,432.24** and provides resolution of a bona fide wage and hour dispute. The projected amounts for each Plaintiff are set forth below:

| Plaintiff | Amount Issued as W-2 Wages | Amount Issued as 1099-MISC | Total Amount |
|---|---|---|---|
| BRYAN BARKER | 1,033.31 | 1,033.31 | 2,066.62 |
| DAVID JONES | 56.06 | 56.06 | 112.12 |
| JOHN VANSITTERT | 178.28 | 178.28 | 356.56 |
| MARK WATKINS | 614.13 | 614.13 | 1,228.27 |
| AARON LAUX | 6.54 | 6.54 | 13.08 |
| LEE KELLY | 58.27 | 58.27 | 116.55 |
| DARREN LUPPENS | 7.19 | 7.19 | 14.37 |
| RYAN LAUX | 115.05 | 115.05 | 230.11 |
| KYLE STEVENS | 6.67 | 6.67 | 13.34 |
| JARED PETENTLER | 75.45 | 75.45 | 150.89 |
| BRANDON COOMES | 307.21 | 307.21 | 614.42 |
| RYAN SULLIVAN | 145.90 | 145.90 | 291.80 |
| CHARLES STUBBS | 37.15 | 37.15 | 74.31 |
| DANIEL JONES | 75.34 | 75.34 | 150.67 |
| MICHAEL VEIT | 1.04 | 1.04 | 2.07 |
| JONATHAN WOOD | 102.30 | 102.30 | 204.61 |
| NICHOLAS WELCHERT | 72.71 | 72.71 | 145.42 |
| WILLIAM CLARK | 81.96 | 81.96 | 163.93 |
| DANIEL FUENDLING | 184.51 | 184.51 | 369.02 |
| DONALD SHOOK | 317.57 | 317.57 | 635.14 |
| CHARLES KIDWELL | 585.74 | 585.74 | 1,171.48 |
| ROBERT HOUSEMAN | 200.70 | 200.70 | 401.39 |
| DEVIN WHITE | 81.76 | 81.76 | 163.53 |
| JARED COGAN | 31.61 | 31.61 | 63.22 |
| JOHN MCCLENDON | 180.26 | 180.26 | 360.52 |
| NATHAN JOHNSON | 196.20 | 196.20 | 392.41 |
| SETH SOMMERS | 88.92 | 88.92 | 177.85 |
| NATHANIEL STEVENS | 26.47 | 26.47 | 52.95 |
| JOHN ERICKSON | 118.13 | 118.13 | 236.26 |
| NICHOLAS MANSFIELD | 4.66 | 4.66 | 9.33 |
| RYAN WATERS | 95.37 | 95.37 | 190.73 |
| JOHN BROWN | 403.96 | 403.96 | 807.92 |
| DANIEL KING | 419.60 | 419.60 | 839.21 |
| BRANDON FLOOD | 20.56 | 20.56 | 41.11 |
| JEREMY KENYON | 22.91 | 22.91 | 45.81 |
| STEVEN REW | 276.77 | 276.77 | 553.54 |
| TAYLOR BASS | 238.20 | 238.20 | 476.39 |
| JOSHUA LIESVELD | 41.22 | 41.22 | 82.43 |
| ADAM JACOBS | 316.34 | 316.34 | 632.69 |
| JOHN LARGENT | 49.30 | 49.30 | 98.59 |
| TRENTON MCARTHUR | 67.45 | 67.45 | 134.89 |
| ANTONIO RAMIREZ | 504.69 | 504.69 | 1,009.38 |
| MATTHEW SPOHN | 18.63 | 18.63 | 37.26 |
| JACK WEBB | 101.28 | 101.28 | 202.56 |
| AUSTIN BRITTINGHAM | 152.84 | 152.84 | 305.69 |
| TRENTON BRAILE | 42.54 | 42.54 | 85.09 |
| BRIAN VAN TILL | 8.80 | 8.80 | 17.59 |
| GREGORY WUESTLING | 71.64 | 71.64 | 143.29 |
| JOSHUA WALLACE | 40.37 | 40.37 | 80.74 |
| JEREMIAH SULLIVAN | 96.87 | 96.87 | 193.74 |
| NATHAN SMITH | 111.14 | 111.14 | 222.27 |
| DYLAN OCHOA | 34.80 | 34.80 | 69.59 |
| JAMES SCHUBERTH | 37.88 | 37.88 | 75.75 |

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs brought this lawsuit for alleged violations of the Fair Labor Standards Act (hereinafter "the Collective Action"). Plaintiffs sought relief on behalf of a putative class consisting of current and former employees of the Fire Department for the City of Independence, Missouri, who earned overtime pay while working out of class. This lawsuit was filed as a putative collective action, and the Parties resolved the matter after the Court conditionally certified the class. Plaintiffs and their counsel believe that all potential plaintiffs have been identified and notified of the settlement.

The Parties began mediating this case on June 14, 2023, before mediator Frank Neuner. Although no resolution resulted from the initial mediation, the Parties continued negotiating and on August 19, 2024, reached an agreement in principle.

Plaintiffs and their counsel believe the claims asserted in this matter have merit and that the evidence developed to date supports the claims asserted. Plaintiffs and Plaintiffs' counsel, however, also recognize and acknowledge the risk, length and expense of continued proceedings necessary to prosecute the litigation through trial and appeal, especially in complex cases like this action, and believe that the Settlement confers substantial benefits upon the class members. Defendant denies Plaintiffs' claims in their entirety and deny any wrongdoing but wishes to avoid the uncertainty and risk attendant with litigation and appeal.

The principal terms of the agreement are as follows:

1) Defendant will pay **$54,432.24** to compensate Plaintiffs for their overtime

work, costs and attorney fees;

2) Plaintiffs will receive a share of the settlement proceeds based on and in proportion to the compensable time worked during the three-year period prior to their joining the lawsuit, as set forth in the above chart;

3) Plaintiffs' payments will be classified as 50% wages and 50% liquidated damages; and

4) The City will administer the settlement and ensure all checks are sent to Plaintiffs within fourteen (14) calendar days after receiving approval by this Court.

## II.  QUESTION PRESENTED

Should the Court grant the Parties' motion to approve the settlement of this case when the settlement is fair, reasonable and provides an immediate, significant benefit to the class members who affirmatively chose to participate, and ends contested litigation prior to trial?

## III.  ARGUMENT

Approval of the settlement is warranted. An FLSA collective action is not a class action – individuals participating affirmatively choose to be bound and represented by counsel and there are no absent class members whose claims are being settled. *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 678 (D. Kan. 2004); *Clougherty v. James Vernor Co.*, 187 F.2d 288, 290 (6th Cir. 1951). Thus, the reasons for judicial scrutiny of class action settlements are not present in FLSA opt-in settlements, because absent class members are not bound by the case's outcome. *Maguire v. Trans World Airlines, Inc.*, 55

F.R.D. 48 (S.D.N.Y. 1972); *Wagner v. Loew's Theatres, Inc.*, 76 F.R.D. 23 (M.D.N.C. 1977).

Nonetheless, courts have held that settlement of an FLSA collective action generally requires court approval because private settlements will not effectuate a valid release for the employer. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). Accordingly, wage claims under the FLSA are typically settled or compromised in one of two ways. First, under 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Second, under a private FLSA enforcement action, district courts may approve settlements resulting from contested litigation over a *bona fide* dispute between the parties. *Lynn's Food Stores*, 679 F.2d at 1353. When the latter option is proposed, as here, the Court should approve the settlement "after scrutinizing the settlement for fairness." *Id.* (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

The standard for court approval is straightforward: a district court should approve a fair and reasonable settlement if it was reached as a result of contested litigation to resolve a *bona fide* dispute under the FLSA. *Garcia v. Triumph Foods*, Case No. 11-6046-CV-SJ-ODS (W.D. Mo. 7/12/12) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982)). First, the court must be satisfied that the settlement was the product of "contested litigation." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1353). Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the Parties under the FLSA. *Id.* Typically, courts rely on the

adversarial nature of a litigated FLSA case resulting in an arms'-length settlement as indicia of fairness. *Id*. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* The Parties respectfully submit that this Court should conclude that the parties' settlement is a reasonable resolution of a *bona fide* dispute in contested litigation.

This settlement was the product of arm's-length negotiations by experienced counsel and provides meaningful, significant, monetary relief to all members of the collective class. It also eliminates the very real and inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery") (citations omitted).

This litigation was contested and settled months after litigation. Plaintiffs claimed that Defendant failed to pay them at the lawful overtime rate when Plaintiffs worked out of class at a higher rate of pay. The City claimed Plaintiffs' overtime rate encompassed

-6-

working out of class pursuant to the Collective Bargaining Agreement between the City and the Plaintiffs' labor union. Therefore, both substantive and procedural disputes created obstacles in the litigation, making this a resolution of *bona fide* disputes.

The proposed settlement offers a significant payment to the Plaintiff and participating class members now. Participating class members will receive meaningful awards after costs and attorneys' fees depending on the members' share of the award, calculated as the percentage of total damages alleged as the denominator and individual damages as the numerator for each member. Further, if the settlement is not approved, any recovery through litigation may not occur until after years of litigation and appeals. Or such recovery may not occur at all after trial and appeal. For these reasons, settlement approval now should be highly favored. *See, e.g., In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements, they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush."); *see also Lynn's Food Stores*, 679 F.2d at 1354 (public policy encourages settlement of FLSA litigation); *Little Rock School District v. Pulaski Cnty. Special School District No. 1*, 921 F.2d 1371, 1388 (8th Cir. 1990) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

Accordingly, the Parties respectfully request that this Court approve the settlement

and order that the Plaintiff and the participating class members be paid in accordance with the terms agreed to by the Parties.

IV. **PLAINTIFF'S APPLICATION FOR FEES & EXPENSES SHOULD BE APPROVED**

As part of the settlement, Plaintiffs request **$38,103.75** in attorneys' fees and costs and the Parties certify that amount was negotiated separately from compensatory and liquidated damages to the Plaintiffs. The FLSA entitles prevailing plaintiffs to an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b) (a court "shall ... allow a reasonable attorney's fee to be paid"). On an application for approval of an FLSA settlement, the court's role includes review of fees and expenses to ensure the fees were negotiated without regard to the plaintiffs' FLSA damages and that there was no conflict of interest between attorney and client. *Barbee v. Big River Steel*, LLC, 927 F.3d 1024, 1027, n.1 (8th Cir. 2019). So long as the settlement agreement itself is reasonable and attorney's fees were negotiated separately, the district court may approve the settlement without "inquiry or comment into the reasonableness of those fees." *Sandoval v. Serco, Inc.*, 4:18-CV-01562 JAR, 2021 WL 1521984, at *2 (E.D. Mo. Apr. 16, 2021) (citing *Barbee*, 927 F.3d at 1027; *Melgar v. OK Foods*, 902 F.3d 775, 779-80 (8th Cir. 2018); and *Kappelmeier v. Wil-Shar, Inc.*, No. 5:18-CV-05181, 2019 WL 4229686, at *2 (W.D. Ark. Sept. 4, 2019)).

Since the Parties negotiated fees and costs separately, the Court's only concern, then, is that the **$16,328.50** remaining of the settlement is fair and reasonable settlement for distribution to participating members. The Parties agree fees and expenses requested herein are reasonable. Class Counsels' fee will cover their time spent during the past year

of litigation and mediation, which was reasonable and necessary.

## CONCLUSION

The settlement presented is an immediate, very real, very substantial, and appropriate settlement. The Parties, therefore, respectfully request that the Court approve the settlement and attorney's fees in whole and without delay. Further, the Parties request that the Court stay the case pending administration of the settlement.

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH LLC

*/s/ Raymond Salva, Jr.*
RAYMOND E. SALVA, JR. Mo Bar No. 66191
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64050
(816) 471-4511 – Phone
(816) 471-8450 – Fax
rsalva@bktplaw.com

ATTORNEYS FOR PLAINTIFFS


STINSON LLP

/S/ *Erin M. Naeger*
Erin M. Naeger,            MO Bar #66103
1201 Walnut, Suite 2900
Kansas City, MO 64106
(816) 842-8600
(816) 691-3495 fax
erin.naeger@stinson.com

ATTORNEYS FOR DEFENDANT