# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

DONNIE SHOOK,                              )
individually and on behalf of all others  )
similarly situated,                        )
                                           )
       Plaintiff,                          )
                                           )
       v.                                  )      No. 4:23-CV-00028-DGK
                                           )
THE CITY OF INDEPENDENCE,                  )
MISSOURI,                                  )
                                           )
       Defendant.                          )

## ORDER REGARDING PROPOSED FLSA SETTLEMENT

This conditionally-certified collective action lawsuit arises from Donnie Shooks's allegations that The City of Independence, Missouri violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, by underpaying overtime compensation due him and other similarly situated employees.

Now before the Court is the parties' joint motion for approval of an FLSA settlement, ECF No. 87, and Plaintiff's supplemental briefing, ECF Nos. 89, 92. The proposed settlement totals $54,432.24 and is comprised of $16,328.50 in compensatory and liquidated damages for the class, and $38,103.75 in attorneys' fees and expenses for Plaintiffs' counsel.

Where, as here, an employee brings a lawsuit directly against an employer for violating the FLSA, any settlement must be approved by the Court for it to have any res judicata effect. *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). To

approve an FLSA settlement under 29 U.S.C. § 216(b), the Court must find: (1) the litigation involves a bona fide dispute over FLSA provisions; and (2) the proposed settlement is fair and reasonable. *Lynn's Food Stores*, 679 F.3d at 1355. Further, when an FLSA settlement is subject to court approval, the Court must "ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client." *Barbee v. Big River Steele, LLC*, 927 F.3d 1024, 1027 n.1 (8th Cir. 2019).

The Court has no doubt this litigation involves a bona fide dispute over FLSA provisions. And, considering that the class member's compensatory damages represent 100% of their underpaid overtime compensation, the proposed settlement is fair and reasonable. *See* ECF No. 92 ("The Parties agreed during settlement negotiations that all qualifying members of the Class were entitled to one hundred percent (100%) of overtime underpayments that occurred during the coverage period as compensatory damages.").

Lastly, the Court has carefully reviewed the supplemental suggestions in support of the requested award of attorneys' fees and expenses, including the billing records. While the Court was skeptical of a request that was 233% higher than the class's award, the record shows the requested fees and expenses are reasonable. Plaintiff's counsel has extensive experience in FLSA cases, they spent a reasonable amount of time working on this case, and they achieved full compensation for the class.

Accordingly, the Court GRANTS the parties' motion for settlement approval.

**IT IS SO ORDERED.**

Date:  January 2, 2025

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

2